# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

Antonio Walker
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30499-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a [ ] federal offense [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the [ ] date of conviction [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
AUG 16 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [x] clear and convincing evidence [x] a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

8/16/13
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

13-30499-1

Antonio Walker Order of Detention

Defendant is charged by way of criminal complaint with Felon in Possession of Ammunition, Distribution of Heroin, Possession with Intent to Distribute Heroin, and Conspiracy to Distribute Heroin.

Defendant is a 26 year old single male with no children whose girlfriend is his co-defendant. Defendant and his girlfriend advise that he has no monthly financial obligations or assets and that he is financially supported by his family and friends. He is unemployed and has only a scanty and insignificant employment history. He has retained counsel in this matter.

Defendant sells large quantities of heroin (kilos) for a living. His street name is "Capone". He admits to the regular use of marijuana and his drug test was positive for marijuana.

Defendant's criminal record is significant in that since the age of 20 he has been involved in criminal activities that involve drugs and weapons. At the age of 20 he pled guilty to Attempted CCW and he was placed into a HYTA program. On 5/28/08 his conditions of release were amended and his conditions of supervision were extended. On 2/12/10 a warrant for violation was issued and on 4/13/2010 he appeared for the violation hearing.

On January 12, 2010 Defendant was charged with Felony Distribution of Heroin and Felony Conspiracy to Distribute Cocaine Base. He pled guilty on 4/12/2010 and was sentenced to 1 year and 1 day. On 8/16/2011 Defendant began his 24 term of supervised release and was released on 3/16/2013.

On 1/22/2010 Defendant was charged with Carrying a Dangerous Weapon and Operating without a License and he pled guilty to the latter charge and was sentenced to a fine or 10 days in jail.

The charges in the instant case emanate from activities that Defendant was engaged in while under federal supervision for his 2010 felony drug convictions for distribution of heroin and cocaine base. Specifically, Defendant was involved in controlled buys on multiple occasions by Confidential Informants on several different dates.

Defendant was apprehended on a traffic stop and was found with six plastic baggies of heroin on his person. His home was subsequently searched. The search disclosed drug paraphernalia, a scale, vinyl gloves, a ceramic plate with a razor, plastic baggies, 50 rounds of 9mm ammo and 206 grams of heroin.

Defendant asks the Court for a bond and conditions, including a tether and home confinement, arguing that he is 26 years old, with an 11th grade education, and is not a flight risk.

The Government moves for Detention, citing the fact that Defendant was sentenced to jail time for selling heroin in 2010, and that as soon as he was released from jail, and while under his term of supervised release, he immediately began selling heroin again.

Pretrial Services recommends detention and bases its recommendation on the following factors: the nature of the instant offense, Defendant's criminal activity while under supervision, a pattern of similar criminal activity history, and his criminal history.

This Court agrees that Defendant poses a danger to the community. His lack of employment, his unabated involvement in the sale of heroin in large quantities, his uninterrupted stream of criminal activities while on federal supervised release, and his own drug use render him a danger to the community, and demonstrate his inability to comply with conditions of bond.

There is no condition or combination of conditions that would reasonably assure the safety of the community. Detention is therefore Ordered.